# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| JACKIE REYNOLDS | CIVIL ACTION NO. 09-1077 |
| VS. | SECTION P |
| WARDEN NEWCOMER, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## ORDER

*Pro se* plaintiff Jackie Reynolds, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 23, 2009. Plaintiff is a pretrial detainee at the Ouachita Parish Corrections Center awaiting trial on unspecified charges presumably pending in Louisiana's Fourth Judicial District Court. He complains that he is being denied access to the courts and that he is denied an adequate grievance procedure. He also objects to the "mail procedures" in effect at the institution; and he complains about various other conditions of confinement. He seeks injunctive relief and compensatory damages for emotional and mental distress and pain and suffering from the defendants – Warden Newcomer, and Deputy Rosetta.

In addition, plaintiff has filed a number of motions, namely (1) a motion to proceed on one copy [rec. doc. 3], (2) a motion to appoint counsel [rec. doc. 4], (3) a motion for protective order [rec. doc. 5], (4) a motion to certify class [rec. doc. 6], (5) a motion to appoint a "special master" [rec. doc. 7]; (6) a motion for service [rec. doc. 12], and, (7) a motion for supplemental pleading ordering a preliminary injunction [rec. doc. 13].

The complaint and associated motions have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the

standing orders of the court.

Plaintiff's complaint remains on initial review pursuant to 28 U.S.C. §§1915 and 1915A and 42 U.S.C. §1997e. Nevertheless, the undersigned has addressed each of the associated motions as shown below:

*Analysis*

**1. Motion to Proceed on One Copy [rec. doc. 3]**

Plaintiff complains that he is denied access to a copy machine, carbon paper, a word processor, or a computer, and therefore he is unable to provide the Court with extra copies of his pleadings. The rules of this court do not require plaintiff to submit duplicates or copies of his pleadings to the Court. Therefore, his Motion to Proceed on One Copy [rec. doc. 3] is **DENIED** as superfluous.

**2. Motion to Appoint Counsel [rec. doc. 4]**

Plaintiff requests appointment of counsel to assist him in the investigation, presentation and litigation of this complaint. Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C.

§1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See *Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242. Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself.

Plaintiff has managed to file his original complaint setting forth his cause of action against the named defendants. He has filed an amended complaint and several motions. No special legal knowledge is required of plaintiff herein.. The claims he seeks to litigate are not necessarily atypical of those often asserted in civil rights litigation and are not complex; further, plaintiff and plaintiff alone is in possession of the **FACTS** which support his claims. He has

3

managed thus far to assert those facts in a cogent manner. Finally, plaintiff has failed to demonstrate that he has attempted to procure counsel on his behalf.

Accordingly, plaintiff's request for appointment of counsel [rec. doc. 4] is **DENIED** as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel and because plaintiff has failed to demonstrate any effort to secure counsel on his own behalf.

### *3. Motion for Protective Order [rec. doc. 5] and Motion for Preliminary Injunction [rec. doc. 13]*

Plaintiff asserts his belief that "writ writers suffer retaliation." He also asserts that as a result of his efforts, "... retaliation is sure to come to [him]..." and, he fears that documents sent by him to the court or vice versa will be discarded by Deputy Rosetta and that he will be denied access to the law library. [rec. doc. 5] He prays for a "protective order" allowing him to pursue his rights in court.

He also contends that on August 12, 2009, officers conducted a search of his cell and in the process his legal materials were scattered all over the cell and some documents were missing. He also claims that he has been threatened with harm should he continue to file grievances. He complains in general that there is no law library or quiet place for him to research and work on his pleadings and the cells are not equipped with proper writing surfaces or lighting.

He also complains of "black mold" which, according to plaintiff, is "everywhere" as well as other health and safety deficiencies caused by overcrowding. He complains of long waiting periods for medical care and inadequate provisions for visitation.

He complains that his requests for sick call for treatment of medical conditions have been

refused. As a result of these conditions and circumstances he requested a preliminary injunction ordering his immediate transfer to another corrections center. [rec. doc. 13]

To obtain a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. See *Planned Parenthood of Houston & Southeast Texas v. Sanchez*, 403 F.3d 324, 329 (5th Cir.2005). Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir.1985). Therefore, an injunction "should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *PCI Transportation Inc. v. Fort Worth & Western Railroad Co.*, 418 F.3d 535, 545 (5th Cir.2005) (citations omitted)(emphasis supplied).

In addition, since this action concerns prison conditions, the Prison Litigation Reform Act (the "PLRA") imposes additional restrictions on the authority to grant an injunction. The PLRA provides that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1). Thus, the PLRA prohibits an order granting prospective relief or a preliminary injunction unless the court first finds that such relief is: (1) narrowly drawn; (2) extends no further than necessary to correct the harm; and (3) is the least intrusive means necessary to correct that harm. See 18 U.S.C. §§ 3626(a)(1)(A), 3626(a)(2).

Thus Courts considering a prisoner's request for injunctive relief "shall give substantial

weight to any adverse impact on public safety or the operation of a criminal justice system" caused by the relief and shall respect the certain principles of comity where state or local law is concerned. See 18 U.S.C. §§ 3626(a)(1)(B), 3626(a)(2).

Plaintiff's Motion for Protective Order [rec. doc. 4] merely implies that his current litigation in federal court will be interfered with by the prison mail clerk and others. Plaintiff filed this pleading on June 23, 2009. Since that date he has received the Memorandum Order directing him to utilize the proper forms [rec. doc. 8], and, he has responded to that order by providing an amended complaint on the proper form [rec. doc. 9] and a conforming in forma pauperis application [rec. doc. 10] He then filed two additional motions [rec. docs. 12 and 13]. In other words, it does not appear that his fears have materialized. As such, plaintiff cannot demonstrate substantial threat that he will suffer irreparable injury if the injunction is not granted. In other words, it is clear that he has no need for a "protective order" allowing him to pursue his rights in court since nothing suggests that he has been prevented from doing so.

Plaintiff's subsequent request for preliminary injunction and protective order [rec. doc. 13], fares no better. Here, plaintiff outlines a litany of complaints, but again, he does not demonstrate a substantial threat that he will suffer irreparable injury if the injunction is not granted, that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and that granting the preliminary injunction will not disserve the public interest. Plaintiff, by his own admission is a pretrial detainee. He is presumably being detained pending trial in the Fourth Judicial District Court or the Monroe City Court. His transfer to another institution would interfere with the orderly progression of his pending trial, and, the relief he seeks is clearly not the least intrusive means necessary to correct that harm.

Accordingly, plaintiff's Motion for Protective Order [rec. doc. 5] and his Motion for Preliminary Injunction [rec. doc. 13] are **DENIED**.

### 6. Motion to Certify Class [rec. doc. 6]

Plaintiff also contends that the issues he seeks to litigate – mail concerns and prison law libraries – "... affect the greater population of inmates housed at O.C.C. and other parish jails as well as the Department of Corrections Units..." and therefore, he requests class action certification.

In order for a lawsuit to be certified as a class action under Rule of Federal Procedure 23(b)(3), the mover must prove that the four prerequisites found in Rule 23(a) and the two additional requirements in Rule 23(b)(3) are met. *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 623 (5th Cir.1999). Under Fed.R.Civ.P. 23(a), an action may be maintained as a class action if it meets the criteria of numerosity, commonality, typicality and adequacy of representation. *Mc.Grew v. Texas Bd. Of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir.1995). The requirements for Rule 23(b) "are 'predominance' and 'superiority': 'Common questions must predominate over any questions affecting only individual members', and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.' " *Mullen*, 186 F.3d at 624, citing *Anchem Products v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997), quoting Fed.R.Civ.P. 23(b)(3). The district court has wide discretion in deciding whether or not to certify a proposed class. *McGrew*, 47 F.3d at 161. Also, *Mullen*, 186 F.3d at 624.

Here, it is clear that plaintiff should not be permitted to litigate his claims as a class action. Plaintiff is a prisoner acting *pro se* – he has not demonstrated that he would be an

7

adequate representative of his fellow inmates in a class action. *Caputo v. Fauver*, 800 F.Supp. 168, 169-170 (D.N.J.1992); *Fymbo v. State Farm Fire & Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir.2000); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975); *Ethnic Awareness Org. v. Gagnon*, 568 F.Supp. 1186, 1187 (E.D.Wis.1983); <u>Wright, Miller & Kane, Federal Practice and Procedure 2d: Civil</u> § 1769.9, n. 12. See, *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 162 (5th Cir.1995). In fact, it appears that plaintiff seeks class action certification because he "... stands a greater chance of receiving appointment of counsel..." thereby.

Plaintiff's motion for class certification [rec. doc. 6] must be **DENIED.**

### *7. Motion to Appoint Special Master Pursuant to FRCP Rule 53 [rec. doc. 7]*

Plaintiff has also moved for the appointment of a Special Master in accordance with the provisions of Rule 53. However, he points to no exceptional conditions warranting such an appointment and he does not show that pretrial matters cannot be effectively and timely addressed by the Court. Therefore, his motion to appoint a special master [rec. doc. 7] is **DENIED.**

### *8. Motion for Service [rec. doc. 12]*

Finally, plaintiff moves for Service Pursuant to F.R.C.P. Rule 4(c)(3) and 28 U.S.C. §1915. However, plaintiff's complaint remains on initial review pursuant to 28 U.S.C. §§1915, 1915A and 42 U.S.C. §1983. These statutes direct the Court to review, as soon as practicable, all prisoner suits seeking redress from a governmental entity or an employee of a governmental entity and to dismiss prior to service of process the claims if they are frivolous, malicious or fail to state a claim for which relief may be granted.

Plaintiff's complaint remains on initial review pursuant to the mandates of the statutes cited above. His request for service of process [rec. doc. 12] is premature and for that reason must be **DENIED.**

## Conclusion

Therefore, for the foregoing reasons, plaintiff's Motions [rec. docs. 3, 4, 5, 6, 7, 12, and 13] are **DENIED.**

In Chambers, Monroe, Louisiana, August 24, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE